# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIMIR PUERTA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>NEIL EDLER,<br><br>　　　　　Respondent.　　　　／ | 1:09-cv-00745 SMS (HC)<br><br>ORDER CONSTRUING RESPONDENT'S MOTION TO DISMISS AS ANSWER TO PETITION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT<br><br>[Doc. 8] |

　　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

　　　　On November 5, 2003, Petitioner was arrested by Utah State Police for evading police. The Ogden County Police Department subsequently executed a search warrant of Petitioner's residence and found illegal drugs and firearms.  On December 17, 2003, Petitioner was sentenced to one year in Webber County Jail on the state charges.  See Exhibit A, attached to Motion.  The state sentencing judge's Order stated that Petitioner may be released to the Federal Government and serve his state sentence concurrent with any federal sentence.  Exhibit B, attached to Motion.

　　　　On December 18, 2003, Petitioner was borrowed from state custody on a federal writ to face federal charges in the United States District Court.  On May 12, 2004, Petitioner was sentenced to eighty-seven (87) months on the federal charges.  The judgment did not indicate whether Petitioner's sentences could run concurrently with one another.  On May 17, 2004,

Petitioner was returned to state custody to serve the remainder of his state sentence. On August 25, 2004, the state court conducted a sentence review hearing, and it was determined that he had completed his state sentence and could be released to federal custody. Therefore, on that same date, he was released to federal custody to begin serving his federal sentence.

Petitioner filed the instant petition for writ of habeas corpus on April 27, 2009, and contends that his federal sentence has been improperly calculated. He specifically contends that he did not receive credits toward his federal sentence for his time spent in pre-sentence state custody while incarcerated at Weber County Jail, i.e. from December 17, 2003 through August 24, 2004.

Respondent filed a response to the petition on July 1, 2009. (Court Doc. 8.) Petitioner did not file an opposition.

## DISCUSSION

I.   Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, Petitioner is challenging the execution of his sentence at the Taft Correctional Institution in Taft, California, which is within the Fresno Division of the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

II.     Rule 12(b)(6) Motion

As an initial matter, Respondent has filed a motion to dismiss the petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, because Respondent has presented and this Court must consider documents outside of the petition, a motion under 12(b)(6) cannot be entertained, and the Court therefore construes Respondent's motion as an answer addressing the merits of the petition. See cf. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996) (A motion to dismiss under Fed.R.Civ.P. 12(b)(6) must be treated as a motion for summary judgment "if either party to the motion to dismiss submits materials outside the pleadings in support or opposition of the motion, and if the district court relies on those materials.")

III.    Review of Petition

   A.    Exhaustion of Administrative Remedies

Respondent does not argue that Petitioner has failed to exhaust the administrative remedies.

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." In sentence computation cases, a defendant must "commence serving his sentence and exhaust his administrative remedies before he can petition for judicial review of the denial of credit for time served in custody." United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992).

B.     Sentence Calculation

Title 18 U.S.C. § 3585(a) states: "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." The Attorney General is responsible for sentence computation decisions under § 3585. United States v. Wilson, 503 U.S. 329 (1992); United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992). Sentence computation authority has been delegated to the Federal Bureau of Prisons. 28 C.F.R. § 0.96; see also United States v. Moore, 987 F.2d 1029 (8th Cir. 1992).

When a federal inmate is serving time on a state charge and is subsequently sentenced on an additional but related federal charge the "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c), Taft Program Statement 5880.28, page 1-33, (2). In addition, the earliest date upon which a federal sentence can begin to run is the date of its imposition. Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir. 2001) (emphasis added); SCM5, Ch. 1, § 3(b), p. 1-13.

On December 17, 2003, Petitioner pled guilty to one count of Evading Police, a third degree felony and was sentenced to one year in the Weber County Jail. The state court sentencing order stated, "[t]he defendant shall serve one year in the Weber County Jail. The defendant is granted credit for time he has served. The defendant may be released to the Federal Government and serve this time concurrent with defendant's Federal case." Exhibit B, to Motion. However, Petitioner remained in state custody and was not formally released into federal custody until August 25, 2004. This is because the day after Petitioner entered into his state plea agreement-December 18, 2003-he was *borrowed* from state custody on a federal writ ad prosequendum by U.S. Marshals to face related federal charges. Taft Correctional Institution Program Statement section 5880.28 specifically states:

> Time spent in custody under a writ of habeas corpus from non-federal custody *will not* in and of itself be considered for purposes of crediting pre-sentence time. The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody. (emphasis added)

Exhibit C, to Motion.  Therefore, Petitioner was merely borrowed by the U.S. Marshal on December 18, 2003, and the state of Utah retained and never relinquished primary custody of him.

On May 12, 2004, Petitioner was sentenced to eighty-seven (87) months in prison on the federal charges for drug and weapon possession.  The Court's Judgment was silent as to whether this sentence would run concurrently or consecutively with the remainder of Petitioner's state sentence.  Pursuant to 18 U.S.C. section 3584,

> If the court is silent as to whether terms of imprisonment imposed at the same time are concurrent or consecutive, the terms run concurrently unless a statute requires that they be consecutive.  If, on the other hand, multiple terms of imprisonment are imposed at different times without the judge specifying whether they are to run concurrently or consecutively, they will run consecutively unless the statute specifies otherwise.

Because the federal court judgment order did not specify whether that sentence was to run concurrently or consecutively to Petitioner's pre-existing state sentence it must be calculated to run consecutively.  Petitioner was returned to state custody on May 17, 2004, and received credit against his state sentence for all time he spent in the custody pending the federal charges.  At the August 25, 2004, sentencing review hearing, the judge found that Petitioner had served one year sentence and was released to federal custody.  Exhibit D, to Motion.

Therefore, pursuant to section 3585(a), Petitioner's federal sentence commenced on August 25, 2004.  18 U.S.C. § 3585(a).  Accordingly to 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- -
>
> (1) as a result of the offense for which the sentence is imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b).

In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court noted that, under section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Id. at 337.  Thus, under section 3585(b), Petitioner is not entitled to custody credit if it was applied toward another sentence.  United States v. Von Willie, 59 F.3d 922, 930-

5

931 (9th Cir. 1995); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993).

A federal sentence does not begin to run when a federal defendant is produced from state custody for federal prosecution pursuant to a federal writ of habeas corpus ad prosequendum. Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991). Pursuant to Program Statement 5880.28, "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." Exhibit C, to Motion. When a prisoner is borrowed from primary custody by way of a writ of ad prosequendum, principles of comity require the return of the prisoner to the primary custodian when the prosecution has been completed. See United States v. Warren, 610 F.2d at 684-685.

In sum, because Petitioner was in state custody at the time he was sentenced in the federal court, and he received all credit against his state sentence for the time he spent in state custody from December 17, 2003 through August 24, 2004, no further credit toward his federal sentence is authorized. Therefore, the instant petition for writ of habeas corpus must be denied.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.  The instant petition for writ of habeas corpus is DENIED; and
2.  The Clerk of Court is directed to enter judgment in favor of Respondent.

IT IS SO ORDERED.

**Dated:   August 31, 2009**           /s/ Sandra M. Snyder
                                                                  UNITED STATES MAGISTRATE JUDGE